UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EASTERN JR VIKING FOOTBALL, A NEW JERSEY NON-PROFIT CORPORATION, | CIVIL ACTION NO. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT IN SUPPORT OF APPLICATION FOR WRIT OF MANDAMUS** |
| TOWNSHIP OF VOORHEES, MICHAEL R. MIGNOGNA, JASON A. RAVITZ, JACKLYN FETBROYT, MICHELE M. NOCITO, and HARRY A. PLATT, | |
| Defendants. | |

Plaintiff, Eastern JR Vikings Football, a New Jersey Non-profit Corporation, by way of Complaint against the Defendants, Township of Voorhees, Michael R. Mignogna, Jason A. Ravitz, Jacklyn Fetbroyt, Michele Nocito and Harry A. Platt, says:

### PARTIES

1.	Plaintiff, Eastern JR Football, a New Jersey Non-profit Corporation ("EJV") operating in Voorhees Township, Camden County, is a an association with the purpose of installing in the youth who participate in its football and cheerleading programs the ideals of good sportsmanship, loyalty, integrity, and self-respect, so that they may be healthier and happier children.

2.	Plaintiff runs flag football, tackle football and cheer leading programs for children in Voorhees Township and has done so for more than a decade.

10177506

3. Defendant Township of Voorhees is a municipality in the County of Camden and the State of New Jersey.

4. Defendant Michael R. Mignogna ("Mignogna") is the Mayor of Voorhees Township.

5. Defendant Jason A. Ravitz ("Ravitz") is the Deputy Mayor of Voorhees Township.

6. Defendant Jacklyn Fetbroyt ("Fetbroyt") is a member of the Voorhees Township Committee.

7. Defendant Michele Nocito ("Nocito") is a member of the Voorhees Township Committee.

8. Defendant Harry A. Platt ("Platt") is a member of the Voorhees Township Committee.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court over this matter is proper based upon 28 U.S.C. 1331, as the litigation presents Federal questions under the Constitution and laws of the United States, including, but not limited to the right to due process, and the right to Equal Protection under 42 U.S.C. 1983 as a class of one.

10. Venue is proper based upon 28 U.S.C. 1391(b) as one or more of the defendants reside here, and all defendants reside in New Jersey and a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this District.

10177506

## FIRST COUNT

11. On or about November 29, 2022, Charles Foulke III, a member of EJV filed a complaint in the New Jersey Superior Court challenging certain individuals who claimed to be Board Members of EJV, but who were never elected to the Board as no annual meetings were held.

12. It was alleged that the named defendants were wrongfully using the operation and resources of EJV as an adult party play ground where Defendants and/or their spouses openly at a public park drink alcohol and infused marijuana drinks and edibles at EJV games, around the children.

13. On March 4, 2022, the New Jersey Superior Court entered an Order appointing Christopher Morris as a Custodial Receiver of EJV with the direction that EJV should continue to operate in the ordinary course while the litigation in the New Jersey Superior Court proceeded. (Exhibit A)

14. After the Court entered the Order for the appointment for the Custodial Receiver, certain individuals began misappropriating the assets of EJV.

15. Mr. Morris learned that an individual, Vashon Watson, who is the neighbor and friend of Michele Nocito, a Voorhees Township Committee member started an organization called Voorhees Flag Football and misrepresented to NFL Football that he and Voorhees Flag Football had superseded EJV in order to obtain EJV's Flag Football license to prevent EJV from proceeding with flag football.

16. Mr. Morris through counsel contacted Mr. Watson and demanded that he correct the misrepresentations made to the NFL so that the NFL Flag Football license would be returned to EJV.

10177506

17. Upon information and belief, Mr. Watson complained to Defendant Nocito about the fact that EJV demanded that he return the NFL Flag Football license that he wrongfully misappropriated.

18. Defendant Nocito's response was to contact Mr. Morris and strongly suggest to him that if he did not allow her very good friend Mr. Watson to have NFL Flag Football license to operate Voorhees Flag Football, then she wasn't sure how EJV could conduct a flag football program as we have in the past since we need a permit from the Township.

19. Annually, EJV would submit to Voorhees Township a field usage application to use the Stephen J. Giangiulio Memorial Field for flag football, tackle football and cheer and routinely the park permit would be granted by Voorhees Township within a week.

20. This year, on March 30, 2022 EJV filed its application for field permit for the Stephen J. Giangiulio Memorial Field for June and July, along with proof of insurance. To date Voorhees Township has refused to take any action on the permit request. (Exhibit B)

21. EJV should have opened up registration for flag football as of April 1, 2022, but without a field to operate the flag football program EJV could not open registration.

22. Voorhees Township had a meeting on April 11, 2022 where counsel for EJV explained via letter to Voorhees Township Mr. Morris role that EJV was operating in the ordinary course, given that rumors were flying around town that EJV was not operating.

23. Defendant Nocito indicated that she wanted to perform further due diligence before Voorhees Township voting to approve or disapprove the permit.

24. Defendant Nocito demanded that Mr. Morris attend a private meeting with her. During that meeting Defendant Nocito strongly suggested again that Mr. Morris give EJV's NFL Flag Football license to Mr. Watson and his Voorhees Flag Football organization because it had a Board of Directors (Self Appointed).

25. Defendant Nocito told Mr. Morris that she wanted her friend, Mr. Watson to operate flag football in Voorhees Township and she mentioned that he be appointed to a leadership position or be on the Board of EJV so that Voorhees Township could approve EJV's Field Usage application.

26. Mr. Morris confirmed the meeting to all Defendants via an email dated April 13, 2022. (Exhibit C)

27. Defendant Nocito also indicated that Voorhees Township would not approve EJV's field permit application for tackle football and cheer that is expected to take place in the fall of 2022.

28. Defendant Nocito indicated that she could and would make sure EJV ceased to exist because she would not permit it to operate as it has more than a decade on any field in Voorhees Township.

29. If EJV is not granted the permit application to use the Stephen J. Giangiulio Memorial Field in June and July for Flag Football, EJV will not be able to conduct a flag football program this year and the children will suffer.

30. Upon information and belief there are no other pending field permit applications seeking use of the Stephen J. Giangiulio Memorial Field for June and July, 2022.

31. Plaintiff, has also filed an application on April 13, 2022 for field usage for the Stephen J. Giangiulio Memorial Field for tackle and cheer. (Exhibit D)

32. Upon information and belief, no other sports organization who have applied for field usage permit in Voorhees have received the treatment that EJV has received from Defendant Voorhees Township and its elected officials.

33. The United States Constitution, specifically the Equal Protection clause of the Fourteenth Amendment, provides that all persons similarly situated be treated alike.

34. Equal Protection claims under the United State Constitution can be brought by a class of one where a Plaintiff alleges it has been intentionally treated differently from others similarly situated individuals and there is no rational basis for the difference in treatment.

35. The purpose of the Equal Protection clause of the Fourteenth Amendment of the United States Constitution is to secure every person within a state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.

36. Defendants are and have been violating Plaintiff's Equal Protection rights by treating it differently than other sports organizations that have applied for field usage permits.

37. The Defendants' actions, taken in concert with each other, are shocking to the conscience and/or improperly motivated, and constitute violations of 42 U.S.C. 1983, *et seq.*

38. Plaintiff is entitled to immediate equitable relief in the form of a writ of mandamus compelling the Defendants to vote for the issuance of the field usage permit for use of Stephen J. Giangiulio Memorial Field for June and July, 2022 and for tackle and cheer in the fall of 2022.

39. The Defendants failure to vote for the issuance of the field usage permit for the Stephen J. Giangiulio Memorial Field for June and July, 2022 has caused, and continues to cause, irreparable harm to plaintiff in that plaintiff cannot conduct its business in the ordinary course and begin registering children to participate in flag football.

40. Plaintiff has been damaged by Defendants' actions, and is entitled to relief.

WHEREFORE, Plaintiff demands that a writ of mandamus issue immediately ordering the Defendants to vote on the issuance of the field usage permit for the Stephen J. Giangiulio Memorial Field for June and July, 2022 and for tackle football and cheer for 2022, and that judgment be entered in its favor against all defendants awarding it compensatory and punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

*/s/ Laura D. Ruccolo*

Laura D. Ruccolo, Esq.
Capehart & Scatchard
8000 Midlantic Drive, Suite 300S
Mt. Laurel, NJ 08054
Phone: 856-234-6800
Fax: 856-235-2786
Email: lruccolo@capehart.com
Attorney's for Plaintiff

Dated: April 20, 2022

10177506

## VERIFICATION OF COMPLAINT

I, Christopher Morris, declare:

1. I have been appointed as the Custodial Receiver by Order of the New Jersey Superior Court on March 4, 2022 to protect the assets and operate Eastern JR Vikings Football, a New Jersey Non-Profit Corporation in the ordinary course.

2. I verify that the factual allegations stated in foregoing Verified Complaint are true and correct to the best of my knowledge, information, and belief.

3. I declare under penalty of perjury that the foregoing is true and correct.

Christopher Morris

Dated: April 20, 2022